UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Joel Smith et al., | Case No. 21-cv-0494 (WMW/LIB) |
| Plaintiffs, | |
| | **ORDER** |
| v. | |
| Carl E. Johnson Plumbing & Heating, Inc., | |
| Defendant. | |

---

This matter is before the Court on the parties' April 7, 2021 Stipulation for Entry of Judgment. (Dkt. 10.) The stipulation appears to represent a settlement of this litigation and seeks an entry of judgment against Defendant for $7,044.88.

The settlement of a lawsuit between private parties ordinarily rests solely in the province of the parties and need not be approved by a district court. *See Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1189 (8th Cir. 1984). "[F]ederal courts have neither the authority nor the resources to review and approve the settlement of every case brought in the federal court system." *Caplan v. Fellheimer Eichen Braverman & Kaskey*, 68 F.3d 828, 835 (3d Cir. 1995). "Courts not only frown on interference by trial judges in parties' settlement negotiations, but also renounce the practice of approving parties' settlement agreements." *Gardiner*, 747 F.2d at 1189 (citing *United States v. City of Miami*, 614 F.2d 1322, 1330 (5th Cir. 1980)). When the parties agree, they may settle their litigation at any time; a court need not be involved. *Id.* A federal court is "more than a recorder of contracts."

*E.E.O.C. v. Prod. Fabricators, Inc.*, 666 F.3d 1170, 1172 (8th Cir. 2012) (quoting *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986)).

It is the exceptional circumstance, not the general rule, in which a district court takes on an active role in approving the adequacy of a settlement between private parties. *City of Miami*, 614 F.2d at 1331. For instance, entry of a stipulated dismissal under Federal Rule of Civil Procedure 41(a)(1)(ii) is effective automatically and does not require approval by a district court. *See id.* at 1330, 1330 n.15; *Gardiner*, 747 F.2d at 1189. The same is true of an entry of judgment pursuant to an offer of judgment under Rule 68. *See* Fed. R. Civ. P. 68(a); *see also White v. Nat'l Football League*, 756 F.3d 585, 595 (8th Cir. 2014) (observing that, under Rule 68, "the clerk enters judgment in the amount stipulated" and does so "without any involvement by the court"). By contrast, in cases implicating important public interests, district courts have a role in approving settlement agreements. *See, e.g.*, *Prod. Fabricators, Inc.*, 666 F.3d at 1172–74 (reversing district court's rejection of consent decree involving alleged violation of the ADA). But when deciding whether to approve a consent decree involving important public interests, a district court must consider whether the consent decree is substantively and procedurally fair, reasonable, and consistent with the governing law. *United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1018 (8th Cir. 2002).

Here, the parties' stipulation memorializes an agreement among private parties resolving this litigation. The stipulation provides no legal authority as to why resolution of this case requires action from this Court and cannot instead be accomplished by the

parties' private agreement.  Nor does the stipulation address whether the parties' resolution of this case is substantively and procedurally fair, reasonable, and consistent with governing law.  Because the Court is unable to discern any dispute that remains or any reason why the Court's approval of, or involvement in, this settlement is necessary or warranted, the Court declines to take any action with respect to the parties' stipulation.

## ORDER

Based on the foregoing analysis, the Court takes no action on the Stipulation for Entry of Judgment.  (Dkt. 10.)


Dated:  April 20, 2021                                          s/Wilhelmina M. Wright
                                                                                Wilhelmina M. Wright
                                                                                United States District Judge